IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

DAD'S ENTERPRISES, INC.,       )
    Plaintiff,                 )
                               )   CIVIL ACTION NO.
    v.                         )      3:13cv568-MHT
                               )          (WO)
SODEXO CONSTRUCTION, INC.,     )
et al.,                        )
                               )
    Defendants.                )

OPINION AND ORDER

Plaintiff Dad's Enterprises, Inc., brought this suit in Alabama state court against defendantSodexo Construction, Inc., and other defendants, asserting various state-law claims. According to the complaint, Sodexo contracted with Tuskegee University to construct a new dormitory, and Dad's in turn entered into a subcontract to perform some of the necessary work for Sodexo. The complaint alleges, in essence, that Sodexo and the other original defendants did not pay pursuant to the subcontract.

Sodexo removed this case from state to federal court on August 8, 2013, based on diversity-of-citizenship jurisdiction.  <u>See</u> 28 U.S.C. §§ 1332, 1441.  Sodexo filed a third-party complaint against Tuskegee on January 13, 2014, and, on March 18, 2014, stipulated to the dismissal of the third-party complaint.  On May 30, 2014, Dad's filed a motion to amend its complaint to add three new defendants, including Tuskegee, and the court granted that motion on June 9, 2014, albeit with leave to a non-movement to file an objection afterward.

Thereafter, Sodexo filed a response opposing Dad's motion to amend; because the court had already granted the motion, it will treat Sodexo's response as an objection to the court's order.  The parties agree that, if the new defendants are added, diversity-of-citizenship will be destroyed because Dad's and the three new defendants, including Tuskegee, are all citizens of Alabama.

Under 28 U.S.C. § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant. This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir. 1991); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

3

Applying the considerations articulated in Tillman and Hensgens, the court concludes that the new defendants should be added.  It appears that Dad's desires to pursue proper claims against Tuskegee and the other new defendants.  There is no credible evidence that Dad's seeks to add the new defendants to defeat federal jurisdiction.  While Dad's filed its motion to amend some nine months after removal, circumstances have changed in the interim: Sodexo first filed a third-party suit against Tuskegee, and then dismissed that suit with prejudice, apparently through a settlement agreement.  Dad's argued that these developments and other intervening events led it to add Tuskegee and the other new defendants into the case, and Sodexo has not explained to the court's satisfaction why that is not so.  Finally, the court is not persuaded that Sodexo will suffer prejudice if the new defendants are added apart from losing its forum of choice, and the court finds that the interests of

efficiency would be best served if all the claims against all the defendants are tried by the same factfinder.

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The responsive brief (Doc. No. 31) filed by defendant Sodexo Construction, Inc., in opposition to the motion to amend filed by plaintiff Dad's Enterprises, Inc., is treated as an objection to the court's order (Doc. No. 30) granting the motion to amend.

(2) Defendant Sodexo Construction, Inc.'s objection (Doc. No. 31) is overruled.

(3) Pursuant to 28 U.S.C. § 1447(e), this lawsuit is remanded to the Circuit Court of Macon County, Alabama, for want of removal jurisdiction based on diversity of citizenship.

**The clerk of the court is DIRECTED to take appropriate steps to effect the remand.**

**This case is closed in this court.**

**DONE, this the 3rd day of July, 2014.**

                                  **/s/ Myron H. Thompson**
                          **UNITED STATES DISTRICT JUDGE**